William F. JONES, Plaintiff–Appellant,

v.

DOUGLAS COUNTY,
Defendant–Appellee.

No. 88–8253.

United States Court of Appeals,
Eleventh Circuit.

Dec. 20, 1988.

Robert A. Moss, Atlanta, Ga., for plaintiff-appellant.

Joseph H. Fowler, Hartley, Rowe & Fowler, PC., Douglasville, Ga., for defendant-appellee.

Before HILL and JOHNSON, Circuit Judges and NICHOLS *, Senior Circuit Judge.

HILL, Circuit Judge:

## I. FACTS AND PROCEDURAL HISTORY

The facts in this case are undisputed. Appellant Jones was employed by Douglas County in the capacity of Deputy Sheriff from September 1982 through April 1986. At all times relevant hereto, Douglas County was an employer within the definition of the Fair Labor Standards Act (FLSA). During the period covered by his employment, Jones performed overtime work for which no additional compensation was paid.

On February 19, 1985, the Supreme Court decided *Garcia v. San Antonio Metropolitan Transit Authority*, 469 U.S. 528, 105 S.Ct. 1005, 83 L.Ed.2d 1016 (1985), overruling its earlier opinion in *National League of Cities v. Usery*, 426 U.S. 833, 96 S.Ct. 2465, 49 L.Ed.2d 245 (1976), and holding that the minimum pay and overtime provisions of the FLSA apply to state and local governments. In response to *Garcia*, Congress modified section 7 of the FLSA in 1985 and declared that the provisions of the Act would not control as to state and local governments, notwithstanding *Garcia*, until April 15, 1986.

On May 1, 1987, Jones sued Douglas County seeking overtime compensation allegedly due under the provisions of the FLSA. Douglas County contended that Jones was not entitled to recovery by virtue of the 1985 Amendments to the FLSA.

On cross-motions for summary judgment, the district court granted summary judgment in favor of Douglas County. In response to Jones' argument that the retroactive application of the FLSA Amendments was unconstitutional, the district court noted that to prove a constitutional violation, a plaintiff must show a property interest which was denied without due process of law. The court found that Jones'

_____

* Honorable Philip Nichols, Jr., Senior U.S. Circuit Judge for the Federal Circuit, sitting by designation.

mere expectation in overtime compensation was insufficient to constitute a constitutional property interest. In the absence of a property interest, the district court found that the Amendments must be viewed as a presumptively constitutional economic regulation, and, as such, need only be rationally related to a legitimate governmental interest in order to pass constitutional muster, even if retroactively applied. The court found that Congress' goal in passing the Amendments was to alleviate the fiscal shock that might be occasioned by immediate application of the FLSA to the states. The court found that permitting a grace period for attaching FLSA liability to states would clearly further the goal of alleviating fiscal shock. Therefore, the district court found that the retroactive application of the FLSA Amendments was rationally related to a legitimate governmental interest, and did not deny Jones any due process rights under the Fourteenth Amendment.

## II. DISCUSSION

The issue before us is whether the action taken by Congress, in enacting the 1985 Amendments to the FLSA, was sufficient to relieve state and local governments of any obligation to pay overtime compensation under the FLSA until April 15, 1986. We hold that it was.

In *Rhinebarger v. Orr*, 839 F.2d 387 (7th Cir.1988), Chief Judge Bauer addressed this same issue. We agree with the Seventh Circuit and the reasons given for its judgment.

For the reasons stated above, the judgment of the district court, upholding the constitutionality of the 1985 Amendments to the FLSA, is AFFIRMED.